

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 22 , 1970

Mr. W. C. Lindsey
Criminal District Attorney
Office of Criminal District Attorney        Opinion No. M-640
Jefferson County
Beaumont, Texas                             RE: Construction of
                                                 Article 42.12,
                                                 Section 7, Code of
Dear Mr. Lindsey:                                Criminal Procedure.

        You have requested the opinion of this office concerning
an interpretation of Section 7, Article 42.12, Texas Code
of Criminal Procedure.  In your letter the question is set
forth as follows:

        "Under CCP Article 42.12 Section 7 which
        states '. . . who shall thereafter be re-
        leased from all penalties and disabilities
        resulting from the offense or crime of which
        he has been convicted or to which he has
        pleaded guilty, except that proof of his
        said conviction or plea of guilty shall be
        made known to the Court should the defendant
        again be convicted of any criminal offense'.
        (Emphasis added.)

        "Can such a person after judgment of
        conviction has been set aside state truth-
        fully therefore that he has never been con-
        victed of a felony?  Would he therefore be
        eligible to serve on a jury, vote and state
        in an application of employment that he had
        never been convicted of a felony?"

        The first portion of the sentence in Section 7 (from
which you have quoted the last portion) states:

-3059-

"In case the defendant has been convicted
or has entered a plea of guilty or a plea of
nolo contendere, and the court has discharged
the defendant hereunder, such court may set
aside the verdict or permit the defendant
to withdraw his plea, and shall dismiss the
accusation, complaint, information or indict-
ment against such defendant . . ."

Since the statute specifically provides that the
court shall set aside the verdict or permit the defendant
to withdraw his plea and shall dismiss the accusation,
complaint, information or indictment in addition to specifi-
cally releasing the person from all penalties and disabil-
ities, it is our opinion that such person may serve on a
jury or vote at an election provided that he is otherwise
qualified.  These are civil rights which the statute seeks
to restore to such defendant.

However, in view of the fact that the statute there-
after goes on to declare that ". . . proof of his state
conviction . . ." (emphasis added) and to say ". . . again
be convicted . . ." (emphasis added), and in view of the fact
that no provision is made for expunging the "judgment of
conviction" from the record, the statute by its own wording
makes it clear that the "conviction" itself has not been
entirely erased.  The right of such a defendant to state to
his prospective employer that he has never been convicted
is not dealt with in the statute.  Employers are entitled to
know the truth about their prospective employees, and this
the statute has not taken away.  Such is not a "penalty" or
"disability" which was released by the statute.  It is,
therefore, concluded that such person cannot state in an
application of employment that he had never been "convicted
of a felony."

We are strengthened in our opinion by an express
statutory distinction between the effects of probation under
Article 42.12, V.C.C.P. (Adult Probation Law) and under
Article 42.13, V.C.C.P. (Misdemeanor Probation Law).  Article
42.13(2) defined misdemeanor "probation" as "the release . . .
of a defendant who has been found guilty."  (Emphasis supplied)
Such a probated sentence does not become a final conviction

unless probation is revoked. CF. Secs. 4(a) and 6(b), Art. 42.13. Article 42.13 further provides that when a defendant is discharged from probation, the finding of guilty may not thereafter "be considered <u>for any purpose</u>." (Emphasis supplied by statute).

On the other hand, Article 42.12 defines "probation" under the Adult Probation Law as "the release of a <u>convicted</u> defendant." C.F. Section 2(2) (Emphasis supplied). We find no language in Article 42.12 indicating Legislative intent that a probationer not be considered as <u>convicted</u>. Rather, it appears clear that the Legislature intended the effect of discharge from probation be simply to release such persons from all penalties resulting from their convictions.

## S U M M A R Y

When a person has been discharged and the court has set aside the verdict or permitted him to withdraw his plea and the court has dismissed the accusation, complaint, information, or indictment under the provisions of Section 7, Article 42.12, Texas Code of Criminal Procedure, he regains his civil rights, i.e. the right to vote and serve on juries if otherwise qualified. Such person, however, may not truthfully state that he has never been "convicted" of a felony in an application for employment.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

Hon. W. C. Lindsey, page 4, (M-640  )


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jay Floyd
Bob Lattimore
Brandon Bickett
Bob Darden

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant Attorney General